**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4517**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSEPH M. MARTIN,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. J. Michelle Childs, District Judge. (6:15-cr-00061-JMC-1)

Submitted: January 21, 2020                Decided: February 12, 2020

Before KEENAN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Erica M. Soderdahl, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Brook Bowers Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph M. Martin appeals the district court's judgment revoking his supervised release and sentencing him to 23 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in revoking Martin's supervised release term or committed reversible sentencing error. Although advised of his right to do so, Martin has not filed a pro se supplemental brief. The Government declined to file a brief. We affirm.

We review the district court's revocation of supervised release for abuse of discretion and the court's factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Martin admitted both violations asserted in the revocation proceeding. We therefore discern no abuse of discretion in the revocation of Martin's term of supervised release.

Turning to Martin's sentence, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable where, as here, the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a)

2

(2018) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2018). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable will we determine whether it is plainly so. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

The district court properly calculated an advisory policy statement range of 18 to 24 months, because Martin's unserved portion of a prior home detention was properly calculated and counted as unserved imprisonment. *See* U.S. Sentencing Guidelines Manual §§ 7B1.3(d), 7B1.4 (b)(3)(A), p.s. (2018). The court further credited Martin with one month for detention on dismissed state charges. The court considered the positive aspects of Martin's circumstances, including that he attempted to pay restitution. The court also noted Martin's challenging behavioral health issues. However, the court also considered the seriousness of the violations and the multiple opportunities of assistance that it previously afforded Martin, without success. We conclude that the selected revocation sentence, which is within both the statutory maximum and the properly calculated policy statement range, is neither procedurally nor substantively unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment. This

3

court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review. If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*